## Employees Retirement Sys. for the City of Providence v Rohner

2024 NY Slip Op 34507(U)

December 21, 2024

Supreme Court, New York County

Docket Number: Index No. 651657/2022

Judge: Andrea Masley

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK:  COMMERCIAL DIVISION PART 48

---------------------------------------------------------------------------------X

EMPLOYEES RETIREMENT SYSTEM FOR THE CITY
OF PROVIDENCE, DERIVATIVELY AS A
SHAREHOLDER OF CREDIT SUISSE GROUP AG ON
BEHALF OF CREDIT SUISSE GROUP AG,

                             Plaintiff,

                       - v -

URS ROHNER, IRIS BOHNET, CHRISTIAN
GELLERSTAD, ANDREAS GOTTSCHLING, MICHAEL
KLEIN, SHAN LI, SERAINA MACIA, RICHARD
MEDDINGS, KAI S. NARGOLWALA, ANA PAULA
PESSOA, JOAQUIN J. RIBEIRO, SEVERIN SCHWAN,
JOHN TINER, ERIC VARVEL, THOMAS P. GOTTSTEIN,
LARA J. WARNER, BRIAN CHIN, DAVID MILLER,
PARSHU SHAH, RADHIKA VENKATRAMAN, and
CREDIT SUISSE GROUP AG, NOMINAL DEFENDANT

                         Defendants.

---------------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 651657/2022 |
| MOTION DATE | -- |
| MOTION SEQ. NO. | 013 014 |

**DECISION + ORDER ON
MOTION**

HON. ANDREA MASLEY:

The following e-filed documents, listed by NYSCEF document number (Motion 013) 313, 314, 315, 316, 317, 318, 319, 320, 321, 322, 323, 324, 325, 326, 327, 328, 329, 330, 331, 332, 333, 334, 335, 336, 337, 338, 339, 340, 341, 342, 343, 344, 345, 346, 347, 348, 349, 350, 351, 352, 353, 354, 355, 356, 357, 358, 359, 360, 361, 363, 364, 389, 393, 709

were read on this motion to/for                 SEAL                  .

The following e-filed documents, listed by NYSCEF document number (Motion 014) 365, 366, 367, 368, 369, 370, 371, 392, 395, 411, 413

were read on this motion to/for                 SEAL                  .

     In motion sequence 013, which is unopposed, nominal defendant Credit Suisse

Group AG (Credit Suisse) moves pursuant to the Uniform Rules of the New York State

Trial Courts (22 NYCRR) § 216.1 to redact the following documents filed in connection

with several other motions:[1]

---

[1] Wholesale sealing is sought as to item 19 only.

**651657/2022   EMPLOYEES RETIREMENT SYSTEM FOR THE CITY OF PROVIDENCE,
DERIVATIVELY AS A SHAREHOLDER OF CREDIT SUISSE GROUP AG ON BEHALF OF CREDIT
SUISSE GROUP AG vs. URS ROHNER ET AL
Motion No.  013 014**

Page 1 of 8

1 of 8

(1)    minutes of December 5, 2019 meeting of Credit Suisse's board of directors (CS-Providence_01068267; NYSCEF Doc. No. [NYSCEF] 338, 378),

(2)    minutes of April 29, 2020 meeting of Credit Suisse's board of directors (CS-Providence_01071994; NYSCEF 339, 379),

(3)    minutes of April 25, 2019 meeting of Credit Suisse's board of directors (CS-Providence-CH_00008049; NYSCEF 340, 377),

(4)    minutes of July 24, 2020 meeting of Credit Suisse's board of directors (CS-Providence-CH_00072859; NYSCEF 341, 386),

(5)    minutes of August 26, 2021 meeting of Credit Suisse's board of directors (CS-Providence-CH_00093017; NYSCEF 342, 382),

(6)    minutes of April 21, 2021 meeting of Credit Suisse's board of directors (CS-Providence-CH_00104024 ; NYSCEF 343, 381),

(7)    minutes of March 30, 2021 meeting of Credit Suisse's board of directors (CS-Providence-CH_00107646; NYSCEF 344, 380),

(8)    minutes of August 22, 2018 meeting of Credit Suisse's board of directors (CS-Providence-CH_00007030; NYSCEF 296, 345),

(9)    minutes of August 22, 2018 meeting of the board of directors risk committee of Credit Suisse (CS-Providence-CH_00006729; NYSCEF 295, 346),

(10)    minutes of August 23, 2018 meeting of Credit Suisse's board of directors (CS-Providence-CH_00006858; NYSCEF 294, 347),

(11)    minutes of October 8, 2019 meeting of Credit Suisse's board of directors (CS-Providence-CH_00009140; NYSCEF 299, 348),

(12)    minutes of October 9, 2019 meeting of the board of directors risk committee of Credit Suisse (CS-Providence-CH_00009163; NYSCEF 298, 349),

(13)    minutes of October 10, 2019 meeting of Credit Suisse's board of directors (CS-Providence-CH_00009238; NYSCEF 297, 350),

(14)    April 21, 2020 special review report (CS-Providence_00698554; NYSCEF 259, 351),

(15)    Email chain spanning March 16-17, 2020 (CS-Providence_00419750; NYSCEF 260, 352),

**651657/2022** **EMPLOYEES RETIREMENT SYSTEM FOR THE CITY OF PROVIDENCE, DERIVATIVELY AS A SHAREHOLDER OF CREDIT SUISSE GROUP AG ON BEHALF OF CREDIT SUISSE GROUP AG vs. URS ROHNER ET AL** **Motion No. 013 014**

Page 2 of 8

2 of 8

[* 2]

(16)     March 18, 2020 email chain (CS-Providence_00200041; NYSCEF 262, 353),

(17)     March 19, 2020 email chain (CS-Providence_00323032 NYSCEF 263, 354),

(18)     April 20, 2020 email chain (CS-Providence_00323731; NYSCEF 264, 355),

(19)     Slide deck entitled Credit Suisse Supply Chain Finance Funds (CS-Providence_00991359; NYSCEF 258, 356),

(20)     excerpts from transcript of deposition of Guy Kearsley (NYSCEF 261, 357)

(21)     excerpts from transcript of deposition of Radhika Venkatraman (NYSCEF 255, 358), and

(22)     October 28, 2023 affirmation of Christopher Pyfer (NYSCEF 359).[2]

Defendant seeks to redact the following categories of information: (i) names of certain nonparties, such as Credit Suisse's former directors and employees and third-party representatives, on the grounds that

> "disclosing the identities of the non-party individuals reflected in those documents—which would also disclose what such individuals did or did not say or do at certain meetings of the Credit Suisse Board of Directors or otherwise during their Credit Suisse employment and/or what confidential e-mail communications such individuals authored or received—would disclose the sensitive, confidential business information both of Credit Suisse and the individuals themselves" (NYSCEF 314, Pyfer[3] aff ¶ 4);

(ii) information about nonparties such as a nonparty's ownership in a separate company, nonparties' status as Credit Suisse's clients, creditors, or similar counterparty, the existence and amount of Credit Suisse's investments or other positions in nonparties, nonparties' relationship with Credit Suisse, and services performed for Credit Suisse by a nonparty because "such information is information that such non-

---

[2] Public redacted versions of items (1) through (18) and (20) through (22) are filed at NYSCEF 317 through 337.

[3] Pyfer is "Legal Counsel for UBS Group AG … into which [Credit Suisse] merged." (*See* NYSCEF 314, Pyfer aff ¶ 1.)

**651657/2022   EMPLOYEES RETIREMENT SYSTEM FOR THE CITY OF PROVIDENCE,**          **Page 3 of 8**
**DERIVATIVELY AS A SHAREHOLDER OF CREDIT SUISSE GROUP AG ON BEHALF OF CREDIT**
**SUISSE GROUP AG vs. URS ROHNER ET AL**
**Motion No.  013 014**

3 of 8

party corporate entities would expect Credit Suisse to keep confidential, and could be subject to specific confidentiality protections in contracts or other agreements" (*id.* ¶ 5); (iii) discussion of Credit Suisse's board of directors about recovery and mitigation efforts relating to Archegos and Greensill incidents because "[d]isclosing information regarding the Credit Suisse Board of Directors' decision-making and planning regarding ... recovery efforts could impact these [recovery] proceedings or other related business strategies and decisions" (*id.* ¶ 6); (iv) confidential details concerning the Credit Suisse-managed supply-chain finance funds implicated by Greensill incident on the grounds articulates in item (iii) above.  (*Id.* ¶ 7.)  Finally, Credit Suisse' counsel cites a confidentiality agreement that Credit Suisse and plaintiff reached regarding Credit Suisse documents produced from Switzerland.  (*See* NYSCEF 315, Hall aff ¶¶ 1, 6.)

In motion sequence 014, which is unopposed, defendant Iris Bohnet moves pursuant to the Uniform Rules of the New York State Trial Courts (22 NYCRR) § 216.1 to redact an excerpt from Bohnet's deposition to the extent it states how much Bohnet's house is worth.[4]

**Legal Standard**

"Under New York law, there is a broad presumption that the public is entitled to access to judicial proceedings and court records."  (*Mosallem v Berenson*, 76 AD3d 345, 348 [1st Dept 2010] [citations omitted].)  The public's right to access is, however, not absolute, and under certain circumstances, "public inspection of court records has been limited by numerus statutes."  (*Id.* at 349.)  One of those statutes is section 216.1

---

[4] Public redacted version of the deposition excerpt is filed at NYSCEF 368.

**651657/2022   EMPLOYEES RETIREMENT SYSTEM FOR THE CITY OF PROVIDENCE, DERIVATIVELY AS A SHAREHOLDER OF CREDIT SUISSE GROUP AG ON BEHALF OF CREDIT SUISSE GROUP AG vs. URS ROHNER ET AL**
**Motion No.  013 014**

**Page 4 of 8**

4 of 8

(a) of the Uniform Rules for Trial Courts, which empowers courts to seal documents upon a written finding of good cause. It provides:

> "Except where otherwise provided by statute or rule, a court shall not enter an order in any action or proceeding sealing the court records, whether in whole or in part, except upon a written finding of good cause, which shall specify the grounds thereof. In determining whether good cause has been shown, the court shall consider the interests of the public as well as of the parties. Where it appears necessary or desirable, the court may prescribe appropriate notice and opportunity to be heard." (Uniform Rules for Sur Ct [22 NYCRR] § 216.1.)

The "party seeking to seal court records has the burden to demonstrate compelling circumstances to justify restricting public access" to the documents. (*Mosallem*, 76 AD3d at 349 [citations omitted].) Good cause must "rest on a sound basis or legitimate need to take judicial action." (*Danco Lab Ltd. v Chemical Works of Gedeon Richter, Ltd.*, 274 AD2d 1, 8 [1st Dept 2000] [internal quotation marks omitted].)

Further, in the business context, courts have sealed records where the disclosure of documents "could threaten a business's competitive advantage." (*Mosallem*, 76 AD3d at 350 [citations omitted].) Records concerning financial information may be sealed where there has not been a showing of relevant public interest in the disclosure of that information. (*See Dawson v White & Case*, 184 AD2d 246, 247 [1st Dept 1992].) A party "ought not to be required to make their private financial information public ... where no substantial public interest would be furthered by public access to that information." (*D'Amour v Ohrenstein & Brown*, 17 Misc 3d 1130 [A], 2007 NY Slip Op 52207[U], *20 [Sup Ct, NY County 2007].)

Additionally, courts have recognized a compelling interest in sealing a third-party's financial or private information as disclosure could impinge upon the privacy rights of these nonparties. (*See Mancheski v Gabelli Group Capital Partners*, 39 AD3d

**651657/2022   EMPLOYEES RETIREMENT SYSTEM FOR THE CITY OF PROVIDENCE,**                    **Page 5 of 8**
**DERIVATIVELY AS A SHAREHOLDER OF CREDIT SUISSE GROUP AG ON BEHALF OF CREDIT**
**SUISSE GROUP AG vs. URS ROHNER ET AL**
**Motion No.  013 014**

[* 5]

499, 502 [2d Dept 2007]; *Natixis Real Estate Capital Tr. 2007-HE2 v Natixis Real Estate Capital, Inc.*, 77 Misc 3d 1224 [A] [Sup Ct, NY County 2023].)

However, a confidentiality agreement entered for purposes of exchanging information does not constitute good cause to seal. Rather, it demonstrates the steps taken to protect confidential information and can lend support to an argument for redacting. (*See Linkable Networks, v Mastercard Inc.*, 75 Misc 3d 1231[A], *3 [Sup Ct, NY County 2022].) Parties may designate information as confidential, but it is another matter whether the information can be shielded from the public. In sum, a confidentiality agreement does not excuse the parties "from making a showing of good cause why certain information should be redacted." (*See Eccles v Shamrock Capital Advisors, LLC*, 2023 NY Slip Op 32730[U], *5 [Sup Ct, NY County 2023].)

Mot. Seq. 013

Credit Suisse has demonstrated good cause to redact the documents as proposed. Disclosure of names of numerous nonparties and their email addresses and phone numbers, and well as information about nonparties such as their relationship with Credit Suisse impinge upon nonparties' privacy rights.[5] Moreover, such nonparty information does not appear to be relevant to this action. Further, disclosure of information about Credit Suisse's decision-making and planning regarding the two incidents constitutes sensitive business information whose sealing is warranted. Finally, Credit Suisse has demonstrated good cause to seal in the entirety item 19, which

---

[5] The court has previously permitted sealing of "the names of nonparties not relevant to this action, personnel determinations regarding nonparties to this litigation, and confidential financial information regarding Credit Suisse's nonparty customers." (NYSCEF 196, Decision and Order at 3 [mot. seq. no. 009].)

651657/2022   EMPLOYEES RETIREMENT SYSTEM FOR THE CITY OF PROVIDENCE, DERIVATIVELY AS A SHAREHOLDER OF CREDIT SUISSE GROUP AG ON BEHALF OF CREDIT SUISSE GROUP AG vs. URS ROHNER ET AL
Motion No.  013 014

Page 6 of 8

6 of 8

contains sensitive business and financial information regarding the Credit Suisse-managed supply-chain finance funds.

Mot. Seq. 014

Bohnet has demonstrated good cause to redact Bohnet's deposition.  The single requested redaction is directed at the statement disclosing how much Bohnet's house is worth.  "[N]o substantial public interest would be furthered by public access to that information."  (*D'Amour*, 2007 NY Slip Op 52207[U], *20 [Sup Ct, NY County 2007].)

Accordingly, it is

ORDERED that motion sequence 013 is granted and the County Clerk is directed to seal NYSCEF 255; NYSCEF 258 through 264; NYSCEF 276; NYSCEF 294 through 299; NYSCEF 338 through 359; NYSCEF 377 through 382; and NYSCEF 386, and it is further

ORDERED that motion sequence 014 is granted and the County Clerk is directed to seal NYSCEF 369; and it is further

ORDERED the New York County Clerk shall restrict access to the sealed documents with access to be granted only to authorized court personnel and designees, the parties and counsel of record in this action, and any representative of a party or of counsel of record upon presentation to the County Clerk of written authorization from counsel; and it is further

ORDERED that movants serve a copy of this order upon the Clerk of the Court and the Clerk of the General Clerk's Office in accordance with the procedures set forth in the Protocol on Courthouse and County Clerk Procedures for Electronically Filed

651657/2022   EMPLOYEES RETIREMENT SYSTEM FOR THE CITY OF PROVIDENCE,
DERIVATIVELY AS A SHAREHOLDER OF CREDIT SUISSE GROUP AG ON BEHALF OF CREDIT
SUISSE GROUP AG vs. URS ROHNER ET AL
Motion No.  013 014

Page 7 of 8

7 of 8

Cases (accessible at the "E-Filing" page on the court's website at the address www.nycourts.gov/supctmanh); and it is further

ORDERED that if any party seeks to redact identical information in future filings that the court is permitting to be redacted here, that party shall submit a proposed sealing order to the court (via SFC-Part48@nycourts.gov and NYSCEF) instead of filing another seal motion; and it is further

ORDERED that this order does not authorize sealing or redacting for purposes of trial or other court proceedings on the record, e.g., arguments on motions.

202A12121AS1631AMASLEYBE3A8EC4A98C4D849D3B52D846991FC5

| 12/21/2024 | |
|---|---|
| DATE | ANDREA MASLEY, J.S.C. |

| CHECK ONE: | | CASE DISPOSED | | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|---|
| | X | GRANTED | | DENIED | | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | | FIDUCIARY APPOINTMENT | | REFERENCE |

651657/2022   EMPLOYEES RETIREMENT SYSTEM FOR THE CITY OF PROVIDENCE, DERIVATIVELY AS A SHAREHOLDER OF CREDIT SUISSE GROUP AG ON BEHALF OF CREDIT SUISSE GROUP AG vs. URS ROHNER ET AL
Motion No.  013 014

Page 8 of 8

8 of 8